IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SEARCH WARRANT | Case No. 3:20MJ839 (TOF) |
| | July 1, 2024 |
| | **Filed Under Seal** |

## SEALED MOTION TO SEAL AND CONTINUE SEALING

In accordance with Rule 57 of the Local Rules of Criminal Procedure, the United States of America respectfully moves the Court for a renewed sealing order as to Document Number 1-1, the affidavit in support of the criminal complaint, sealed in this case, and to seal this motion, until **December 1, 2024** (and *nunc pro tunc* to April 30, 2024) The Court had previously entered an order to seal on September 30, 2020, which sealed Document No. 1-1. The Court extended the order to seal on March 31, 2021, September 3, 2021, March 22, 2022, September 26, 2022, April 25, 2023 and September 26, 2023.  The current sealing order expired April 30, 2024. The Government makes this application because the investigation of the criminal activities described in the documents is ongoing.

The contents of the search warrant materials contain information regarding sensitive investigations by both a foreign law enforcement agency and the U.S. Government into child pornography offenses committed using the internet. On September 30, 2020, this Court (Farrish, J.) approved a warrant to search a Connecticut residence. That residence was searched and on October 1, 2020, a criminal complaint was filed charging Richard Smith with federal crimes related to receipt, possession, and access to child pornography. *See* CM/ECF 3:20MJ846 (RAR), Dkt. No. 1. Smith was indicted by a New Haven grand jury, the indictment was publicly filed, and

Smith has since been convicted of violation of federal law related to child pornography. *See* CM/ECF 3:21CR47 (JAM).

The Government now moves for continued sealing of the search warrant documents. The search warrant affidavit of Special Agent Allison Haimila makes mention of sources of information utilized as part of the ongoing investigation, and a manner by which child pornography was distributed and accessed. The affidavit describes a particular website used to host child pornography materials and explains that law enforcement officials were able to identify visitors to that website, despite steps taken by those visitors to anonymize their identities. Moreover, the affidavit references specific file names that were hosted on the child pornography website which could be used to identify the website or investigative techniques. This investigation is broad and continuing.

While Mr. Smith has been charged and convicted of federal crimes, the investigation of similar activities by other targets (including access to a website referenced in the affidavit in support of the search warrant) is ongoing within the District of Connecticut, and other districts. The investigation is neither public nor known to all targets of the investigation. Disclosure of the contents of the search warrant materials could result in the destruction of evidence and could frustrate the investigation by alerting the targets of the investigation to the nature of the probe, the techniques employed, sources of information, and by limiting the ability to conduct other search warrants as to other targets.

The information contained within the search warrant affidavit, including the source of information paired with the manner, timing and nature of child pornography access, could allow subjects under investigation to change patterns of behavior, destroy electronic evidence, including information on their devices, computers, and online accounts, and take other steps to thwart law

enforcement. Disclosure of the documents would impair law enforcement and frustrate the ongoing investigation. Accordingly, sealing is warranted because the presumption of access to the documents is outweighed by these countervailing factors in favor of sealing. Moreover, even if a higher standard for sealing applied, sealing these documents is essential to preserve the compelling interests set forth above and narrowly tailored to serve those interests.

For those reasons, the Government respectfully requests that the Court continue its prior sealing order in this case until **December 1, 2024**. The Government further requests that this motion to seal and continue sealing and any resulting orders be sealed until December 1, 2024 for the reasons explained above and because this application discusses an ongoing investigation. To the extent that the investigation described above can then be appropriately disclosed in public documents, the Government will move to unseal the documents or, in the alternative, move to file redacted materials in accordance with the Local Rules of Criminal Procedure.

Respectfully Submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

  /s/
PATRICK J. DOHERTY
ASSISTANT U.S. ATTORNEY
Federal Bar No. PHV10400
1000 Lafayette Blvd., 10th Fl.
Bridgeport, Connecticut 06604

**CERTIFICATE OF SERVICE**

      This is to certify that on July 1, 2024, a copy of the foregoing Government's Motion was filed electronically and served by first-class United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          /s/
                                    PATRICK J. DOHERTY
                                    ASSISTANT U.S. ATTORNEY